**VIA ECF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

DOMINICK GIARRATANO and FRANCIS JOSEPH,

                        Plaintiffs,

          -against-

EDISON HOTEL,

                        Defendant.

---------------------------------------------------------------x

Case No. 08 CIV 1849

Hon. District Judge Scheindlin

TO:    Neil M. Frank (NF0521)
         Pam J. Eisner (PE5678)
         FRANK & ASSOCIATES, P.C.
         *ATTORNEYS FOR PLAINTIFFS*
         500 Bi-County Boulevard, Suite 112N
         Farmingdale, New York 11735
         (631) 756-0400

### ANSWER TO COMPLAINT

Defendant, improperly sued herein as "Edison Hotel" (incorporated as "228 Hotel Corp." d/b/a Edison Hotel, hereinafter the "Hotel" or "Defendant"), by and through its undersigned attorneys, Jackson Lewis LLP, as and for the Answer to the **COMPLAINT**, states as follows:

### AS TO "SUMMARY OF CLAIMS"

Defendant denies each and every allegation contained in the "Summary of Claims."

### AS TO "PRELIMINARY STATEMENT"

1.    Defendant denies each and every allegation contained in the "Preliminary Statement."

## AS TO "JURISDICTION AND VENUE"

2. Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

3. Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

## AS TO "PARTIES"

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## AS TO "STATEMENT OF FACTS: Discrimination against Plaintiff Giarratano on the basis of his Age"

11. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs 1 through 11 of the

Complaint, as though set forth fully herein and denies each and every allegation not admitted unequivocally herein.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Since Plaintiff did not identify the employee to whom he refers, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint, but denies Plaintiff approached Andy Valentine to seek full time employment.

18. Since Plaintiff did not identify the employee to whom he refers, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, but denies Plaintiff sought full-time employment from Andy Valentine at that time.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint as to Plaintiff Giarratano's former employment and otherwise denies Plaintiff's allegations.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, except admits that the Hotel advised Plaintiff Giarratano of his separation from employment.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Since Plaintiff provides no definitions of the terms used herein, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and otherwise denies Plaintiff Giarratano's allegation.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

### AS TO "Discrimination against Plaintiff Joseph on the basis of his Age"

26. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs 1 through 26 of the Complaint, as though set forth fully herein and denies each and every allegation not admitted unequivocally herein.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, except

admits Plaintiff was hired in or about October 2001 and, at times, was called a "Security Officer".

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except admits that "with Defendant's approval", Plaintiff Joseph worked one (1) day per week at Plaintiff Joseph's request.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. As to the positions held by Plaintiffs, Defendant denies the allegations contained in Paragraph 35 of the Complaint and otherwise admits such allegations.

36. Since Plaintiff provides no definitions of the terms used herein, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint and otherwise denies said allegations.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

### AS TO "CLAIMS FOR RELIEF"

### AS FOR "THE FIRST CAUSE OF ACTION
(Age Discrimination as to Plaintiffs Giarratano and Joseph under the ADEA)"

38. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs 1 through 38 of the Complaint, as though set forth fully herein and denies each and every allegation not admitted unequivocally herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

### AS TO "PLAINTIFF'S DEMAND FOR A JURY TRIAL"

43. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs 1 through 43 of the Complaint, as though set forth fully herein and denies each and every allegation not admitted unequivocally herein.

44. To the extent that any claim is not subject to trial by jury, in whole or in part, Defendant denies that a trial by jury should be held or an issue should be submitted to the jury.

### AS TO "PRAYER FOR RELIEF"

45. Defendant denies each and every allegation contained in the "WHEREFORE" clause, including all sub-parts thereof.

### AFFIRMATIVE DEFENSES

46. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendant asserts the following defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which damages may be awarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. Any and all actions taken by Defendant with regard to either Plaintiff's employment, or the terms and conditions thereof, were undertaken in good faith, based on legitimate business reasons and would have been taken regardless of either Plaintiff's age, and did not violate any rights which may be secured to any Plaintiff under federal, state or local laws.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. To the extent that either Plaintiff failed to make reasonable efforts to mitigate alleged damages or rejected an offer or unconditional offer of employment, any damages awarded to Plaintiff should be reduced or eliminated.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. Plaintiffs' Complaint should be dismissed or demands for relief denied, in whole or in part, to the extent that the facts and discovery may establish that either Plaintiff engaged in misconduct prior to or during employment which was concealed from Defendant and which, if known to Defendant, would have resulted in termination of employment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. Each Plaintiff's claims are barred, in whole or in part, to the extent that said Plaintiff seeks recovery for claims arising outside the applicable statutes of limitation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52. Each Plaintiff's claims are barred, either in whole or in part, insofar as such claim(s) were not asserted in the administrative charge filed with the Equal Employment Opportunity Commission.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred in whole or in part by the failure to satisfy jurisdictional prerequisites or conditions precedent to filing and asserting such claims.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

54. Even if a Plaintiff were to prove that age were a factor in any employment decision, Defendant would have made the same employment decision(s) as to that Plaintiff regardless of such factor.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. To the extent that any claim is compensable under the New York State Workers' Compensation Law, those claims are barred by the exclusive remedy provisions of that Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. Any demand for punitive damages should be dismissed or stricken because Defendant exercised reasonable care to prevent any allegedly discriminating behavior.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which liquidated damages may be awarded.

WHEREFORE, Defendant requests the Court:

a. dismiss the Complaint in its entirety and with prejudice.

b. deny each and every demand, claim and prayer for relief contained in the Complaint;

c. award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this action; and,

d. grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
April 2, 2008

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 S. Service Road, Suite 410
Melville, N.Y. 11747
(631) 247-0404

By: _____
Paul J. Siegel, Esq. (PS2245)
Kathryn J. Russo, Esq. (KR7252)

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2008, Defendant's <u>ANSWER TO COMPLAINT</u> was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

Neil M. Frank (NF0521)
Pam J. Eisner (PE5678)
FRANK & ASSOCIATES, P.C.
*ATTORNEYS FOR PLAINTIFFS*
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400

_____
PAUL J. SIEGEL (PS2245)

I:\Clients\E\111409\119159\Pleadings\Answer - Giarratano and Joseph.doc