UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404
　　　PAUL J. SIEGEL, ESQ. (PS2245)
　　　KATHRYN J. RUSSO (KR7252)

USDC ...
DOCU ...
ELEC ... LLY ...
DOC #: _____
DATE ... 7/9/08

---

DOMINICK GIARRATANO AND
FRANCIS JOSEPH,

　　　　　　　　Plaintiffs,

　　　-against-

EDISON HOTEL,

　　　　　　　　Defendant.

**SCHEDULING ORDER**

Civil Action No. 08-CV-1849

Shira A. Scheindlin, U.S.D.J.

---

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

　　　　WHEREAS, the Court issued an Order for a Conference in accordance with Fed.

R. Civ. P. 16(b) on March 13, 2008 (the "Order"); and

　　　　WHEREAS, the Order requires that the parties jointly prepare and sign a

proposed scheduling order containing certain information;

　　　　NOW, THEREFORE, the parties hereby submit the following information as

required by the Order:

　　　　1.　　Pursuant to the Order, counsel for the parties were directed to appear on

　　　　　　April 9, 2008 at 4:30 p.m. for an initial pretrial conference.

(a) Plaintiffs are represented by Frank & Associates, P.C., 500 Bi-County Boulevard, Suite 112N, Farmingdale, New York 11735; and,

(b) Defendant is represented by Jackson Lewis, LLP, 58 South Service Road, Suite 410, Melville, New York 11747.

2.    Plaintiffs claim that Defendant discriminated against Plaintiffs on the basis of their ages in violation of 29 U.S.C §621 *et seq*.

3.    Discovery Schedule:

(a)    The parties intend or are likely to depose the following witnesses:

1.    Dominick Giarratano;

2.    Francis Joseph;

3.    John Canavan, General Manager;

4.    Andrew Valentine, Director of Security;

5.    Robert Haughney, Doorman;

6.    Patricia Gregory, Controller;

7.    Katarina Sefrankova, Facilities Operations Manager;

8.    John Gleeson, Former Resident Manager;

9.    Various security guards who worked with Plaintiffs, including those who were offered full-time positions; and,

10.    Such other persons as may be identified during discovery (including experts).

(b)    The schedule for production of documents is as follows:

(i)    The parties will serve initial requests for production of documents and written interrogatories by May 1, 2008;

2

        (ii)     The parties will address discovery deficiencies by conference and by letter, if need be, within ten (10) days after receipt of the opposing party or parties' document production or interrogatory responses.

(c)    Expert Discovery:

        (i)     Each expert's report will be supplied to the adverse party at least 20 days prior to the conclusion of fact-discovery; and,

        (ii)     Each expert's deposition will be completed within 20 days after the conclusion of fact-discovery;

(d)    Fact discovery is to be completed by October 19, 2008;

(e)    Within five business days of the close of discovery, any party electing to move for summary judgment shall submit to the court a written request to do so;

(f)    Unless a motion for summary judgment is then pending, Plaintiffs shall supply their pre-trial order to Defendant by November 19, 2008;

(g)    By December 15, 2008 (or such date as the court may determine if a motion for summary judgment has been made), the parties will submit a joint pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusion of law for a non-jury trial, or (2) proposed *voir dire* questions and proposed jury instructions, for a jury trial; and,

(h)    The date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), will be *Oct 29*, 200*8* *at 4 30*

4.    Limitations to be placed on discovery, including any protective or confidentiality orders, are as follows:

(a)    A joint stipulation of confidentiality is attached as Exhibit A; and,

(b)    The parties may exchange fact interrogatories subject to a limit of 25 interrogatories for Plaintiffs (jointly) and for Defendant that are not limited to identification of witnesses and documents;

5.    No discovery dispute exists to date.

6.    Anticipated fields of expert testimony are Plaintiffs' job search and mitigation efforts and whether they are eligible or ineligible, in whole or in part, to receive back or front pay.

7.    The anticipated length of trial is approximately 4-5 days ; a jury trial is requested by Plaintiffs. Defendant would agree to a non-jury trial.

8.    The Scheduling Order may be altered or amended upon a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road
Melville, New York 11747
(631) 247-0404

Dated:  April 3, 2008

Paul J. Siegel (PS2245)
Kathryn J. Russo (KR7252)

4

FRANK & ASSOCIATES, P.C.
*ATTORNEYS FOR PLAINTIFFS*
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400

Neil M. Frank (NF0521)
Pam J. Eisner (PE5678)

SO ORDERED ON THIS
DAY OF APRIL, 2008:

SHIRA A. SCHEINDLIN
U.S.D.J.

I:\Clients\E\111409\119159\Discovery\Proposed Scheduling Order.doc

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**DOMINICK GIARRATANO and FRANCIS JOSEPH,**

                **Plaintiffs,**

    **-against-**

**EDISON HOTEL,**

                **Defendant.**
------------------------------------------------------------------------X

**Index No.: 08-1849**

**STIPULATION OF
CONFIDENTIALITY**

    **IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiffs Dominick Giarratano and Francis Joseph ("Plaintiffs") and Defendant, Edison Hotel ("Defendant"), by their undersigned counsel, that:

    1.    All documents produced by the parties in this action, and any documents produced in response to subpoenas served when Plaintiffs' cases were pending before the New York State Division of Human Rights (SDHR Nos. 10115292 and 10115955), shall be subject to the terms and provisions set forth herein and are considered "Confidential Information" unless otherwise stated or if the document already is publicly accessible.

    2.    The following terms, as used herein, shall, without limiting the generality of the meaning of any terms, be construed as follows:

        (a)    The parties to this action shall mean: (i) Plaintiffs and any authorized attorney(s) or experts acting in their behalf; and, (ii) Defendant and the incumbent and former employees and representatives thereof, attorney(s) and any authorized agent(s), or other entities or person(s) acting in their or Defendant's behalf.

        (b)    "Confidential Information" means any electronic, "paper" or other documents, data and information not generally available to the public, pertaining to: (i) the business of

1

Defendant; (ii) personnel files and documents related to Defendant's employees; (iii) Plaintiffs' medical records; (iv) Plaintiffs' tax returns; or (v) any other documents unless the parties agree to designate it as not being confidential.

3.    Any Confidential Information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose.

4.    Except as otherwise provided in this Stipulation of Confidentiality, material designated as "Confidential Information" may be examined only by the following persons:

(a)    Current or former members of Defendant's present or former Board and management representatives, witnesses and designees;

(b)    Plaintiffs;

(c)    The parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

(d)    Upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and to the extent necessary for the prosecution or defense of the instant matter, independent consultants or experts retained in connection with the instant action by the parties' counsel;

(e)    Stenographers or court reporters to the extent necessary to prepare records of sworn testimony in the instant action;

(f)    Magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action; and,

(g)    Persons testifying or preparing to testify at depositions, hearings or other proceedings, who shall sign a Stipulation of Confidentiality.

2

5.      Before any person identified in paragraph 4(d) is given access to Confidential Information, he or she shall sign a certificate in the form of Exhibit "A," attached hereto, stating he or she has received a copy of and has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this Court in connection with the enforcement of the provisions set forth herein.  Access to Confidential Information shall not be given to any person who has not signed such a certificate and returned the signed Stipulation to counsel for the disclosing party.  No such person shall be allowed to retain any documents or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

6.      The originating or producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver.  Any such waiver is limited and shall not result in waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.  Use of information acquired through independent search or investigation (other than discovery from the parties to this action) or which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

7.      The testimony of any witness deposed on oral examination may be designated "Confidential Information," and shall be treated as such.

8.      Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days notice to counsel for the party that may oppose such disclosure.

3

9.    Prior to filing any documents containing confidential material, the parties shall confer to determine whether such documents shall be filed under seal. If agreement is not reached, then the party demanding the documents be filed under seal shall seek leave of the Court to file under seal.

10.    This Stipulation of Confidentiality may be amended by the agreement of counsel for the parties in the form of a written amendment to the Stipulation of Confidentiality.

11.    This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by Court order.

12.    Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing Confidential Information and all copies thereof which are in the possession, custody or control of any person other than the party who or which produced such documents or items either shall be returned to the party who or which produced such documents or items and shall be destroyed if the producing party does not desire the return thereof. If destroyed, a detailed affidavit identifying precisely what was destroyed shall be delivered within thirty (30) days after such document destruction

13.    Nothing in this Stipulation of Confidentiality constitutes an admission or agreement that any documents or information is subject to discovery or is admissible as evidence in this case.

**SO AGREED:**

FRANK & ASSOCIATES, P.C
Attorneys for Plaintiffs

Pamela J. Eisner, Esq.
500 Bi-County Boulevard
Suite 112N
Farmingdale, New York 11735
(631) 756-0400
Dated: March _____, 2008

JACKSON LEWIS LLP
Attorneys for Defendant

Paul J. Siegel, Esq.
Kathryn J. Russo, Esq.
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404
Dated: March _8_, 2008

4